1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

Case No. CV-13-00277-JPH

TAMARA GAY OLMSTED,

               Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

               Defendant.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

     **BEFORE THE COURT** are cross-motions for summary judgment. ECF No.

16, 20. Attorney Dana C. Madsen represents plaintiff (Olmsted). Special Assistant

United States Attorney Jeffrey Eric Staples represents defendant (Commissioner).

The parties consented to proceed before a magistrate judge. ECF No. 8. After

reviewing the administrative record and the briefs filed by the parties, the court

**grants** defendant's motion for summary judgment, ECF No. 20.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

Olmsted applied for disability income benefits (DIB) and supplemental security income (SSI) benefits on June 14 and 18, 2010, respectively, alleging disability beginning February 17, 2008 (Tr. 207-215, 216-222, 223-26, 227-33). Her claims were denied initially and on reconsideration (Tr. 130-33, 135-42, 144-45, 146-47). Administrative Law Judge (ALJ) James W. Sherry held a hearing November 16, 2011 (Tr. 65-105). On December 15, 2011, the ALJ issued an unfavorable decision (Tr. 20-38). The Appeals Council denied review (Tr. 1-7). On July 30, 2013, Olmsted appealed pursuant to 42 U.S.C. §§ 405(g). ECF No. 1, 5.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the decision below and the parties' briefs. They are briefly summarized here and throughout this order as necessary to explain the Court's decision.

Olmsted was 45 years old at onset and 49 at the hearing. She graduated from high school and earned a bachelor's degree (Tr. 58, 70, 97, 411). She has past relevant work as a childcare leader or day care worker. Olmsted suffered an injury at a karate tournament in February 2008 (Tr. 74, 96). She alleges physical and mental limitations, including hip and leg pain, hip swelling, leg numbness, tendonitis, trouble moving her arms and depression  (Tr. 77, 79-92, 246).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 2

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9ᵗʰ Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 3

the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 4

performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and  (2)  a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 5

whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Sherry found Olmsted was insured through December 31, 2012 (Tr. 20, 22 ). At step one, he found she did not work at substantial gainful activity levels after onset (Tr. 22). At steps two and three, he found Olmsted suffers from lumbar degenerative disc disease (DDD) with facet arthrosis; forminal stenosis and spondylosis with grade 1 spondylolisthesis; kidney stones, status post ureteroscopy;

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 6

1   hydronephrosis and status post right third proximal phalanx fracture, impairments

2   that are severe but do not meet or medically equal a Listed impairment  (Tr. 22, 25).

3   The ALJ found Olmsted less than fully credible, a finding she challenges on appeal.

4   He assessed an RFC for a range of light work (Tr. 25-26). At step four, he relied on

5   the vocational expert and found Olmstead is able to do her past relevant work as a

6   day care worker (Tr. 29). Alternatively, at step five, the ALJ found Olmsted can do a

7   range of other light jobs, such as price marker, laundry worker; with an RFC for a

8   range of sedentary work, she can work as a document preparer and driving escort

9   (Tr. 30). Accordingly, the ALJ found Olmsted is not disabled as defined by the Act

10  (Tr. 31).

11                                      **ISSUES**

12          Olmsted alleges the ALJ erred when he assessed her credibility and weighed

13  the medical evidence. Specifically, she alleges he should have found she suffers

14  from a severe mental impairment. ECF No. 16 at 13-20. She alleges the ALJ should

15  have given more credit to the opinions of treating and examining professionals at the

16  CHAS clinic and of examining psychologist Dr. Pollack. ECF No. 16 at 13-15. She

17  alleges she is more physically limited than the ALJ found. In support of this

18  contention, she cites only her own testimony. ECF No. 16 at 15-19. The

19  Commissioner asks the court to affirm because the ALJ's findings are factually

20  supported and free of harmful legal error. ECF No. 20 at 12.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 7

**DISCUSSION**

*A. Credibility*

Olmsted alleges the ALJ did not give clear and convincing reasons for finding her less than fully credible. ECF No. 16 at 18-19.   The Commissioner disagrees.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190,  1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ's reasons are clear and convincing.

The ALJ relied on Olmsted's noncompliance with medical treatment. She did not wish to become active with exercise, despite the helpful nature of physical therapy for back problems (Tr. 27, 411). She was told in August 2009 to quit smoking for one month before spinal fusion surgery could be performed. In October 2009 she first told a provider she quit smoking a month ago. Later in the appointment she admitted she recently smoked. In August, September and December 2010 Olmsted continued smoking (Tr. 27, 359, 412, 442, 496-99, 503, 565, 568, 656, 673), as well as in October 2011 (Tr. 715). She testified at the hearing she

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 8

1   continues to smoke and was not receiving mental health treatment or taking

2   psychotropic medications (Tr. 89, 91).

3   The ALJ relied on daily activities, which included caring for three children as

4   a single parent. Her youngest child was nine years old in September 2009. Olmsted

5   has exercised by doing karate two to three times a week, and stated when she is in

6   karate "she has no pain." At times she cared for two cats and two dogs. She drove,

7   took her children to karate, shopped, cooked, did laundry, cleaned and on one

8   occasion went to Montana (Tr. 27, 92, 254-57, 286-88, 533).

9   Olmsted's allegations were not supported by objective evidence. Evidence

10   showed excellent strength, and normal gait and station (Tr. 26-27, citing Tr. 344

11   (onset); Tr. 420 (July 2009); Tr. 434 (January 2009);  Tr. 497 (October 2009) and

12   Tr. 544 (also July 2009). Despite allegedly severe mental limitations Olmsted has

13   never sought counseling. She admitted prescribed medications helped her depressive

14   symptoms (Tr. 23, 562, 564, 704).

15   The ALJ's reasons are clear, convincing and supported by substantial

16   evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002)

17   (inconsistencies between statements and conduct, extent of daily activities and

18   failure to give maximum or consistent effort during medical evaluations are properly

19   considered ); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005)(inadequately

20   explained lack of consistent treatment properly considered) and *Warre v. Comm'r of*

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 9

1    *Soc. Sec. Admin.,* 439 F.3d 1001, 1006 (9th Cir. 2006)(impairments controlled

2    effectively with medications are not disabling for the purpose of determining SSI

3    benefit eligibility).

4        *B. Psychological limitations*

5        Olmsted alleges the ALJ should have found she suffers from severe mental

6    impairments. ECF No. 16 at 13-15. She alleges if the ALJ had properly credited the

7    contradicted opinion of examining psychologist Dennis R. Pollack, Ph.D., and

8    treatment providers at the CHAS clinic, he would have found she is disabled. ECF

9    No. 16 at 13-15. The Commissioner responds that because no credible evidence

10   established more than mild limitations due to Plaintiff's mental impairments, the

11   ALJ reasonably concluded the conditions were not severe. ECF No. 20 at 3.

12       The ALJ found Olmsted suffers from the medically determinable mental

13   impairments of a pain disorder and depressive disorder, but they are nonsevere

14   because they cause no more than minimal limitation in the ability to perform basic

15   work activities (Tr. 23).

16       In making this determination the ALJ observes Olmsted's complaints of

17   depression symptoms. A treatment note in January 2009 states "She [Olmsted] notes

18   nervousness and depression." (Tr. 23, 392). In February 2010, Olmsted noticed she

19   has been having depression symptoms. She states prescription medication helped in

20   the past  (Tr. 23, 558-60). In October 2011 Olmsted told Dr. Pollack she was trying

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 10

to quit smoking but it was difficult because she is "depressed and stressed" (Tr. 23, 704).

Olmsted alleges the ALJ should have credited Dr. Pollack's opinion that she suffers moderate and marked limitations in the ability to perform basic work activities. ECF No. 16 at 14-15. The Commissioner answers that the ALJ properly gave the opinion little weight because the evaluation indicated "some secondary gain issues, symptom magnification and testing did not reveal any substantial problems that would preclude all work." ECF No. 20 at 4-5; Tr. 23-24.   Olmsted does not challenge the ALJ's reasons. ECF No. 20 at 5.

The Commissioner is correct.

Dr. Pollack evaluated Olmsted October 11, 2011. She alleged she had attempted suicide many times. There is no record corroborating her statement, even though Olmsted told Dr. Pollack she reported suicide attempts. Dr. Pollack diagnosed pain disorder associated with both psychological factors and a general medical condition, and depressive disorder NOS. He assessed moderate and marked limitations, including a markedly limited ability to perform within a schedule (Tr. 702-12). This is contradicted by Olmsted's self-described ability to get her youngest child up and ready for school on time five days a week (Tr. 254). Dr. Pollack observed scores on the MMPI-2 reveal "there may be secondary gain associated with the symptoms." Scores show a tendency to "overstate her difficulties," but not to the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 11

point of rendering results invalid (Tr. 23, 706).

The ALJ may certainly consider motivation and the issue of secondary gain in rejecting symptom testimony. Symptom exaggeration is a proper basis for finding a claimant less than credible, and for rejecting opinions based on a claimant's unreliable self- report. The ALJ is correct that testing did not reveal any substantial problems that would preclude all work  (Tr. 24).  *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998); *Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992);  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216  (9th Cir. 2005).

The ALJ performed the four part  "paragraph B" analysis as required. 20 CFR, Part 404, Subpart P, Appendix 1. There is no competent evidence Olmsted's mental limitations cause more than a minimal impact on the ability to perform basic mental work activities.  These are specific and legitimate reasons, supported by substantial evidence, for giving Dr. Pollack's assessed limitations little weight.

Next, Olmsted alleges the ALJ erred  by  failing to credit records from the CHAS clinic with respect to her mental limitations. ECF No. 16 at 14; Tr. 558-60, 666.  The Commissioner responds that although these providers diagnosed depression NOS they opined resulting functional impairment was not significant (Tr. 560).

The Commissioner is correct. In February 2010 Olmsted told a provider she was having symptoms of depression. She also stated this had caused no difficulty in

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 12

doing her work, caring for things at home or getting along with other people (Tr. 560). The ALJ's finding that Olmsted does not suffer from a severe mental impairment is supported by the records of the CHAS clinic and by Olmsted's own statements (Tr. 313). In her reply, Olmsted cites her own discredited statements as support for finding she suffers severe depression, ECF No. 21 at 5, but the Court has found the ALJ properly assessed credibility. Finally, the ALJ's alternative step five analysis included restrictions to simple, routine, repetitive tasks, low stress work with only occasional decision making and occasional changes in the work setting, no fast paced production and superficial interaction with the public, co-workers and supervisors. Even with these mental limitations, there was other work Olmsted could perform (Tr. 99-101). She fails to specify additional limitations. Olmsted shows no harmful error.

### C. Physical limitations

Olmsted alleges the ALJ should have found she is more physically limited. However, she cites only her own testimony as support. Because the court has found the ALJ's credibility assessment is proper, this allegation has no merit. *See also* e.g., Tr. 393 (normal strength, gait, station; flexion and extension excellent, normal reflexes and sensations, January 2009). Although a kidney stone was discovered in June 2011, it was removed and Olmsted testified thereafter she no longer suffered abdominal pain (Tr. 91, 685, 688, 692, 699).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 13

Where the evidence is susceptible to more than one rational interpretation, it is the conclusion of the ALJ that must be upheld. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)(citation omitted).

The ALJ properly weighed the contradictory evidence. The record fully supports the assessed RFC. Although Olmsted alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony and resolving ambiguities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008)(internal citations omitted). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 400 (1971). If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 14

1    Defendant's motion for summary judgment, **ECF No. 20**, is **granted.**

2    Plaintiff's motion for summary judgment, ECF No. 16, is denied.

3    The District Court Executive is directed to file this Order, provide copies to

4    counsel, enter judgment in favor of defendant and **CLOSE** the file.

5    DATED this 14th day of May, 2014.

6                                              _S/ James P. Hutton_

7                                         JAMES P. HUTTON
                              UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 15